UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
**(Filed Electronically)**

**CRIMINAL ACTION NO. 5:21CR-18-BJB**
**UNITED STATES OF AMERICA,**                                                **PLAINTIFF,**

vs.

**ERIC L. CLARK**                                                                                **DEFENDANT.**

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Eric Clark, was indicted in this case, and pleaded guilty to the single count of Possession of a Firearm by a Convicted Felon. He is scheduled to be sentenced by the Court on December 20, 2023.

**I.**

**The Pre-Sentence Report**

**A.**     **Objections to the PSR.**

There are no objections to the PSR.

**B.**     **Statutory Sentencing Range**.

The statutory sentencing range is 0-10 years.

**C.**     **Advisory Guideline Range**

The PSR calculates Mr. Clark's guideline range as a total offense level 21, and a Criminal History Category VI. This results in a guideline range of 77-96 months. ( PSR, ¶98).

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**D.     Requested sentence**

Mr. Clark is a 42 year old man with a (admittedly lengthy) history of misdemeanors and relatively minor Class D felonies[1]. This offense also clearly falls into the lower end of the spectrum of felony offenses that this Court encounters.

Mr. Clark had been checking on his elderly Aunt, who lived several doors away from him in a residential neighborhood. He was walking home down the narrow, virtually traffic free, residential street when he was stopped and searched by police. His violation: for walking too far away from the shoulder of the road in an allegedly unsteady manner. It was New Year's Eve, 2020, and the police had heard what they guessed was a gunshot from an area about three miles away, several minutes earlier. The gun Mr. Clark had in his pocket was a .22 caliber pistol. Mr. Clark had not fired any shot, and certainly a shot from a .22 pistol would not be heard from three miles away. Nor did he threaten anyone or brandish the firearm.

Nevertheless, as a convicted felon, it was illegal for Mr. Clark to possess this weapon. Because of these prior convictions, the otherwise legal, and constitutionally protected act of possessing a firearm was transformed into an illegal act. Additionally, since the particular felonies that Mr. Clark stood convicted of consisted of selling illegal drugs, his offense level for possessing this pistol increased from a base level of 14 (a 30 month minimum guideline

---

[1] His conviction in 2010 for trafficking in a few grams of cocaine was a class C felony at the time, but the law was amended shortly after that, and trafficking in less than 4 grams of cocaine would be a class D felony today.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

sentence), to a level 24 (*ten levels,* resulting in a minimum guideline recommendation of 77 months.

There is ample reason for the Court to exercise its discretion an vary downward from the recommended guidelines in this case. For example, if, on these prior occasions Mr. Clark had been involved in Mexican drug cartels which dealt with many kilos of drugs, the resulting guideline calculations would be the same. But that is not the case here. Mr. Clark's prior trafficking convictions involved extremely small amounts of drugs. The convictions in 2015 and 2016 (Trafficking less than 4 grams of cocaine- PSR ¶56 & ¶58) each involved transactions which consisted of a gram or less according to Mr. Clark. While Mr. Clark's record is certainly nothing to be proud of, its nature is such that the guidelines are affected to a greater extent than is appropriate.

Given Mr. Clark's upbringing, raised by parents who were both addicted to crack cocaine, and a father who was in and out of prison, it is hardly surprising that he became addicted to illegal substances himself. However, he has been in federal custody in a detention center for about a year and a half, and has participated in counseling programs[2], and made a conscious decision to turn his life around. He is amenable to treatment for mental health and substance abuse issues. His mother, who has successfully beaten her addiction, now manages a recovery center, and stands ready to support her son.

Wherefore, Mr. Clark respectfully requests that the Court order that he be imprisoned for a period of no more that 48 months, along with a period of supervised release with

---

[2] See, for example Attachments 1 and 2.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

conditions which the Court deems necessary and appropriate. Such a sentence would be sufficient, but not more than necessary to satisfy the requirements of 18 U.S.C. §3553(a).

/s/ Donald J. Meier
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on December 14th, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the parties of record.

/s/ Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4